IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYANNE MOBLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-883-DWD |
| ) | |
| U-HAUL INTERNATIONAL, INC., ) | |
| ANDREW MARTIN d/b/a EXPRESS ) | |
| MOVERS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on Defendant, U-Haul International, Inc.'s Motion for Entry of Judgment on the Arbitration Award in favor of U-Haul International, Inc. and eMove, Inc. (Doc. 43). By its Motion, Defendant U-Haul asks this Court to confirm the arbitration award issued on April 29, 2021 against Plaintiff, dismiss all claims against U-Haul with prejudice, and allow for a submission of costs in accordance with Federal Rule of Civil Procedure 54(d)(1). Plaintiff has not responded to the Motion, and pursuant to Local Rule 7.1, the Court, in its discretion, may consider Plaintiff's failure to respond as an admission on the merits of the Motion. *See* SDIL-LR 7.1.

### Background and Procedural History

In this matter, Plaintiff seeks to recover damages in excess of $90,000.00 related to the alleged theft and destruction of Plaintiff's personal property (Doc. 1-1, p. 4). Plaintiff alleges that in June 2017, she arranged to rent a truck from Defendant U-Haul to move her personal possessions from rented storage lockers in O'Fallon, Illinois to her

1

apartment in St. Louis, Missouri. Defendant U-Haul recommended that Plaintiff engage the services of Defendant Andrew Martin d/b/a Express Movers to assist Plaintiff with moving her property. Plaintiff then engaged the services of Defendant Martin, who was to deliver Plaintiff's possessions using the rented U-Haul truck to Plaintiff by July 1, 2017. Defendant Martin never arrived with the U-Haul truck or Plaintiff's possessions. The police later recovered the U-Haul truck and some of Plaintiff's belongings (Doc. 1-1, p. 4). Plaintiff brings a single negligence account against Defendant U-Haul (Count I) (Doc. 1-1, pp. 4-5). Plaintiff also brought claims for conversion and negligence against Defendant Andrew Martin d/b/a Express Movers (Counts II and III) (Doc. 1-1, pp. 5-6), which were dismissed on August 10, 2021.

On August 12, 2019, Defendant U-Haul International, Inc. removed this case to this Court (Doc. 1). On September 9, 2019, Defendant U-Haul filed its Motion to Compel Arbitration and Stay the Case (Doc. 14). Plaintiff did not respond to the Motion to Compel. On May 27, 2020, the Court granted Defendant's Motion to Compel Arbitration and stayed all proceedings in this matter pending resolution of the parties' arbitration (Doc. 29).

**Arbitration Proceedings**

Defendant U-Haul attached the following arbitration documents to is Motion for Entry of Judgment: Plaintiff's Demand for Arbitration with the American Arbitration Association ("AAA") (Doc. 42-1), an AAA Order Granting Respondents' Motion for Summary Judgment (Doc. 42-3), and correspondence from AAA acknowledging that parties' arbitration case was closed (Doc. 42-4). On August 4, 2021, Defendant

supplemented its Motion for Entry of Judgment with a copy of the motion for summary judgment it and eMove, Inc. submitted to the Arbitrator in December 2020 (Doc. 45).

As those documents indicate, Defendant U-Haul sought to compel the arbitration of Plaintiff's claims against it pursuant to an arbitration provision contained in the Terms and Conditions of Defendant's subsidiary, eMove, Inc. a/k/a MovingHelp (Doc. 15). Paragraph 18 of those terms and conditions provide, in relevant part:

> 18. ARBITRATION AGREEMENT
>
> Please read carefully. This mandatory agreement affects your rights.
>
> FOR THOSE DISPUTES THAT EMOVE AND YOU HAVE SOLELY WITH EACH OTHER, YOU AND EMOVE AGREE THAT THE FOLLOWING ARBITRATION OF THOSE DISPUTES SHALL APPLY. HOWEVER, YOU AGREE AND ACKNOWLEDGE THAT THIS ARBITRATION DOES NOT INCLUDE NOR IS IT MEANT FOR DISPUTES BETWEEN YOU AND THE Moving Help® Service PROVIDER INCLUDING BUT NOT LIMITED TO THE SERVICES PROVIDED OR NOT BY THE Moving Help® Service PROVIDER.
>
> 1. eMove ("eMove" for purposes of this provision is further defined below) and You ("You" for purposes of this provision is further defined below) agree that the Services ("Services" for purposes of this provision is further defined below) and your purchase of the Services offered by a Moving Help® Service Provider over the internet at movinghelp.com, both have an effect on interstate commerce. Therefore, eMove and You agree that this Agreement shall be construed and interpreted under the Federal Arbitration Act, 9 U.S.C. Section 1, et seq.
>
> 2. You and eMove agree that any and all Claims ("Claims" as defined below) between You and eMove (and not You and the Moving Help® Service Provider) relating in any way to Your use of, or interaction with, movinghelp.com and/or Your purchase of the Services offered by a Moving Help® Service Provider at movinghelp.com, shall be submitted to binding Arbitration before the American Arbitration Association ("AAA") in accordance with the AAA Consumer Arbitration Rules (www.adr.org/consumer) and the AAA Commercial Arbitration Rules for Large, Complex Matters (www.adr.org/commercial) (Claims seeking

3

> $500,000 or more). AAA Rules are also available at www.uhaul.com/arbitration. Judgment may be entered on the Arbitration award by a Court of competent jurisdiction. You and eMove agree that Claims submitted to Arbitration shall be decided in a single arbitration before a single Arbitrator who must be on the AAA National Roster of Commercial Arbitrators and selected in accordance with the AAA Rules. Arbitration is more informal than a lawsuit in court. Arbitration uses a neutral arbitrator instead of a judge or jury, allows for more limited discovery than in court, and is subject to very limited review by courts. Arbitrators have the authority to award the same damages and relief that a court can award.
>
> *******
>
> 4. You acknowledge and agree that You voluntarily and knowingly entered into this Arbitration Agreement, which waives your right to file a lawsuit in court (except for small claims) and chose to purchase the Services at movinghelp.com rather than one of its competitors who may not have an arbitration provision.

(Doc. 15-3, pp. 4-6).

On June 5, 2020, Plaintiff's then counsel submitted a Demand for Arbitration to the AAA. In the Demand, Plaintiff identified Defendant U-Haul, and its subsidiary eMove, Inc. as the arbitration respondents (Doc. 42-1). Plaintiff describes the dispute as follows:

> Claimant rented a Uhaul vehicle and utilized an eMove referral to a local moving company. The local mover stole and damaged consumer's personal property to extent in excess of $200,000.00 Claimant seeks to hold Business liable on bases of negligence and/or violation of Illinois Consumer Fraud and Deceptive Business Practices Act due to Business's referral to and recommendation of the local moving company

(Doc. 42-1).

On November 25, 2020, AAA Arbitrator, Kim L. Kirn, found that Respondents, U-Haul, and eMove, Inc., had demonstrated substantial cause to file dispositive motions and set a scheduling order for briefing (Doc. 42-2). On December 16, 2020, U-Haul and

eMove submitted a Motion for Summary Judgment to the Arbitrator (Doc. 45-1, pp. 22-23).  U-Haul and eMove sought the entry of judgment in their favor against Plaintiff "on all claims involved in the arbitration" (Doc. 45-1, p. 22).  Those claims included a negligence claim and a claim for alleged violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (Doc. 42-1; Doc. 45-1, pp. 1, 22).

On April 29, 2021, the Arbitrator granted Respondents' Motion for Summary Judgment (Doc. 42-3) (the "AAA Award").  The Arbitrator found: (1) that Plaintiff's counsel withdrew from representation and no new counsel appeared on her behalf (Doc. 42-3, ¶ 2), (2) that Plaintiff had received several notices of the motion for summary judgment and corresponding response deadlines (Doc. 42-3, ¶ 3), and (3) that Plaintiff received an extension of time to file a response, but did not file a response before the expiration of the deadline to do so, which was on April 12, 2021 (Doc. 42-3, ¶ 4).  The Arbitrator therefore "granted with prejudice" Respondents' Motion for Summary Judgment (Doc. 42-3, ¶ 5).  Defendant U-Haul refers to this order as the Arbitration Award it seeks to confirm.  On May 4, 2021, an AAA Case Administrator, Heather Stout, emailed Plaintiff and Defendant U-Haul, stating, "On May 4, 2021, the American Arbitration Association (AAA) reviewed and finalized the billing for this matter and closed this case as "Dismissed with Prejudice." (Doc. 42-4).

## Discussion

Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made

>  any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

Although the AAA Award does not conform to a typical arbitration award, the Award's language "granted with prejudice", combined with the arbitration scheduling order (Doc. 42-2), Respondents' Motion for Summary Judgment (Doc. 45-1), and the final correspondence from AAA Case Administrator Stout (Doc. 42-4) indicate that the arbitration dispute between Plaintiff, U-Haul, and eMove, Inc., was completed. The Seventh Circuit instructs that an arbitration award is final and appealable where the evidence establishes that the arbitrator believes the assignment is complete. *McKinney Restoration, Co., Inc. v. Illinois Dist. Council No. 1 of Int'l Union of Bricklayers & Allied Craftworkers*, 392 F.3d 867, 872 (7th Cir. 2004) ("one thing is clear, if the arbitrator himself thinks he's through with the case, then his award is final and appealable.") (internal markings and citations omitted); *Smart v. IBEW*, 315 F.3d 721 (7th Cir. 2002). This "is true even if the award was incomplete in that the arbitrators did not complete their assignment but believed they had, or where the award was so poorly drafted that the party against whom the award is entered does not know how to comply with it." *Id.* at 871.

Plaintiff did not respond to Defendant's Motion to challenge the finality of the AAA Award. Nor are there any markers that the AAA Award was nonfinal. Accordingly, the April 29, 2021 AAA Award is final and appealable. As such, Section 9 requires the Court to enter judgment on the award so long as the moving party applies

to the court within one year after the award is made, and the award is not otherwise vacated, modified, or corrected. *See* 9 U.S.C. § 9 ("at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court **must** grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.") (emphasis added). Defendant U-Haul timely filed its motion to confirm the AAA Award, and the time for Plaintiff to challenge the Award under Sections 10 and 11 has passed.[1]

Judicial review of an arbitration award is "extremely limited." *United States Soccer Fed'n, Inc. v. United States Nat'l Soccer Team Players Ass'n*, 838 F.3d 826, 831 (7th Cir. 2016); *Johnson Controls, Inc. Systems & Servs. Div. v. United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Ind. of U.S. & Canada, AFL–CIO*, 39 F.3d 821, 824 (7th Cir. 1994). A court may only overturn an arbitration award if the arbitration order violates the law or does not adhere to the legal principles specified by the contract. *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 563 (7th Cir. 2008); *IDS Life Ins. Co. v. Royal All. Assocs., Inc.*, 266 F.3d 645, 650 (7th Cir. 2001). Therefore, "if the district judge is satisfied that the arbitrators resolved the entire dispute and can figure out what the resolution is, he must confirm the award." *IDS Life Ins. Co.*, 266 F.3d at 650.

---

[1] Section 12 of the Federal Arbitration Act, 9 U.S.C. § 12, provides that motions to vacate, modify, or correct an arbitration award "must be served upon the adverse party or his attorney within three months after the award is filed or delivered." The April 29, 2021 AAA Award does not include a certificate of service. However, the AAA's correspondence dated May 4, 2021 was sent to Plaintiff via certified mail and electronic correspondence on May 4, 2021 (42-4). Accordingly, Plaintiff's deadline to challenge the finality of the AAA Award likely expired on or before August 2, 2021.

Here, it is clear based on the documentation submitted by Defendant (Doc. 42; Doc. 45-1) that U-Haul and eMove sought summary judgment on the entirety of the arbitration claims Plaintiff brought against them.  By failing to respond to the motion, judgment was entered against Plaintiff and in U-Haul's and eMove, Inc.'s favor, and the arbitration dispute was closed.  Accordingly, the record shows that the April 29, 2021 AAA Award is valid and enforceable, and resolved the entire dispute between Plaintiff, U-Haul and eMove.  The Court will therefore confirm the Award and judgment will be entered against Plaintiff and in favor of U-Haul and eMove.

## Disposition

For the above-stated reasons, Defendant U-Haul's Motion for Entry of Judgment on the Arbitration Award (Doc. 42) is **GRANTED**.  The AAA Award dated April 29, 2021 is hereby **CONFIRMED**.  Judgment will be entered against Plaintiff Tyanne Mobley and in favor of U-Haul International, Inc. and eMove, Inc.

**SO ORDERED.**

Dated:  August 10, 2021

_____
DAVID W. DUGAN
United States District Judge